NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY LEE HILL, | No. 16-56145 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02706-SVW-KES |
| v. | |
| DANIEL MORENO, individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Tony Lee Hill appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force during his arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Hill's excessive force claim because Hill failed to raise a genuine dispute of material fact as to whether defendant Moreno used excessive force or whether the remaining defendants participated in Hill's arrest. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (setting forth standard for claim of excessive force during arrest); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court properly dismissed Hill's claims concerning a conspiracy to deny him a fair criminal trial because success on those claims would necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring § 1983 claim which would necessarily imply the invalidity of a conviction, unless the plaintiff can show that the conviction has been invalidated).

The district court did not abuse its discretion by denying Hill leave to file a Third Amended Complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is

particularly broad." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Hill's motion for appointment of counsel because Hill failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hill's requests for release from prison, set forth in his briefs, are denied.

Hill's motion for leave to file a second supplement to the opening brief (Docket Entry No. 15) is granted. The Clerk shall file the second supplement to the opening brief (Docket Entry No. 16).

**AFFIRMED.**